IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.5:11-CV-00423-FL

SHEIK MUSTAFA MUHAMMAD EL-BEY, )
*also known as Ellis Ray Patterson El-Bey*, and )
EMPRESS TALIBA EL-BEY, )
*also known as Gretchen Ann Patterson El-Bey*, )
     )
            Plaintiffs, )
     )
            v. )
     )
     )
STATE OF NORTH CAROLINA, )
GREGORY A. WEEKS, *Resident Superior* )
*Court Judge*, and ROBERT G. HICKS, )
*Attorney for the State*, )
     )
            Defendants. )

**ORDER**
**MEMORANDUM AND**
**RECOMMENDATION**

This matter is before the Court on Plaintiffs' motion to proceed *in forma pauperis* and for frivolity review. [DE- 1.] Based on a review of the financial information provided in the application, Plaintiffs have demonstrated appropriate evidence of inability to pay the required court costs. However, Plaintiffs filed a joint application, but only Gretchen Patterson El-Bey signed the application. Despite this ommission, the application is **GRANTED** as to both Plaintiffs for the limited purpose of conducting frivolity review.

Notwithstanding the determination that Plaintiffs are entitled to *in forma pauperis* status, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* at 32. After careful review of Plaintiffs' Complaint, and giving due consideration to Plaintiffs' *pro se* status, the undersigned recommends that the complaint be dismissed.

## STATEMENT OF THE FACTS

Plaintiffs' Complaint contains a significant amount of superfluous information. However, the following appear to be the facts relevant to their alleged claims. Plaintiffs characterize themselves as Moorish American Nationals. Compl. at 1 [DE 1-1]. They reside in Fayetteville, North Carolina, but claim not to be residents of any county or state. *Id.* at 1-2.

On June 4, 2010, state and federal law enforcement officers "invaded" and searched Plaintiffs' home, allegedly without probable cause, and certain unspecified property was "stolen, destroyed or seized." *Id.* at 3. Plaintiffs were "kidnapped" and "held for ransom" at the Cumberland County Detention Center and their children were "kidnapped" and held at the Department of Social Services. *Id.* at 3-4. It appears that Ellis Ray Patterson El-Bey was tried and convicted in state court of "a corporate crime designated at chattel property." *Id.* at 4. It further appears that he is currently on probation related to the criminal conviction. *Id.* at 5.

Plaintiffs seek appellate review of their criminal cases, termination of Ellis El-Bey's probation, and damages of $28,000,000,000.00, presumably under 42 U.S.C. § 1983, based on

2

"perpetual harrassment [sic] and forced compliance with the rules and regulations of the corporation, The State of North Carolina by it's enforcers." *Id.*

## DISCUSSION

While somewhat unclear, it appears that Plaintiffs are asserting that they are not bound by the laws of North Carolina, but instead are governed only by the Treaty of Peace and Friendship of 1787 (the "Treaty"), which they contend is enforceable under Article VI of the United States Constitution. Plaintiffs, therefore, conclude that because they have not violated the Treaty, any state criminal charges or convictions are wrongful. Courts have routinely rejected this argument as patently erroneous. *See, e.g.*, *El-Bey v. United States*, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009) (rejecting contention that plaintiff was immune from the laws of the United States because she was "indigenous Washitaw Naga Moor"). The undersigned agrees and finds that any claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous.

Additionally, assuming Plaintiffs are alleging a § 1983 claim, the named Defendants in this action are not subject to an award of damages under § 1983. Section 1983 provides a private right of action where a person acting under the color of state law deprives an individual of a federally protected right. 42 U.S.C. § 1983. However, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, the State of North Carolina is not subject to a claim for damages under § 1983. Likewise, Robert Hicks and Gregory Weeks are not subject to claims for damages under § 1983. "Prosecutors are absolutely immune when carrying out

3

prosecutorial functions." *Brunson v. N.C. Dept. Soc. Servs.*, No. 5:09-CT-3063-FL, 2010 WL 3239030, at \*2 (E.D.N.C. Aug. 13, 2010) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "This immunity applies when the prosecutor's activities are 'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Imbler*, 424 U.S. at 430). Hicks, an attorney for the state, was carrying out the advocacy function of representing the state in court; therefore, he has absolute prosecutorial immunity. Additionally, "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts." *Id.* at \*3 (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)). "The proper recourse for a party who believes that the judge has ruled improperly or unfairly is to raise such errors on appeal." *Id.* (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Weeks, a state court judge, was carrying out the judicial function of conducting a trial; therefore, he is entitled to absolute judicial immunity.

With respect to Ellis El-Bey's request for early termination of his probation, habeas corpus is the exclusive remedy, *United States v. Pregent*, 190 F.3d. 279, 283 (4th Cir. 1999), which requires exhaustion of state remedies as a condition precedent to a federal action, *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Therefore, the relief sought is not available in a § 1983 action.

Finally, with respect to any request for appellate review of a state court judgment, direct appeal to a federal district court from a state court judgment is not available pursuant to the *Rooker-Feldman* doctrine. *See Pilch v. Freeman*, No. 5:11-cv-352-H, 2011 WL 6415367, at \*1 (Dec. 13, 2011) ("Plaintiff cannot appeal or attack a state-court judgment in federal court.") (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) ("Review of [state-court] determinations can be obtained only in [the Supreme Court].")). Therefore, the relief sought is not

4

available in a § 1983 action.

Accordingly, it is **RECOMMENDED** that Plaintiffs' Complaint be **DISMISSED** as frivolous, for failure to state a claim upon which relief can be granted, and for seeking seeks money damages from defendants immune from such recovery.

## CONCLUSION

The application to proceed *in forma pauperis* is **GRANTED** as to both Plaintiffs for the limited purpose of conducting frivolity review. However, it is **RECOMMENDED** that the complaint be **DISMISSED** on frivolity review for the reasons stated in this memorandum and recommendation.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiffs, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 9TH day of January, 2012.

DAVID W. DANIEL
United States Magistrate Judge

5